15CV6174

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT (Jury trial demanded)
## WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the INTERNET. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

FILED
MAR 3 0 2015

**A.** **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Michael John Gochnour #14A3371

2. _____

-VS-

**B.** **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. J. Burri                     4. E. Cragle

2. M. Maltese               5. D. Lynch

3. M. Hadfield             6. J. Helmicki

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Michael Gochnour #14A3371

Present Place of Confinement & Address: Great Meadow Correctional Facility, Box 51

Comstock, N.Y. 128

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: J. Burri

(If applicable) Official Position of Defendant: Correctional Officer

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus N.Y. 14541

Name of Defendant: M. Maltese

(If applicable) Official Position of Defendant: Correctional Officer

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus NY 14541

Name of Defendant: M. Hadfield

(If applicable) Official Position of Defendant: Correctional Officer

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: 6600 State Rt. 96, Romulus N.Y. 14541

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with the same facts involved in this action?
Yes __X__ No ____

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:                    Michael Gochnour
   Plaintiff(s): See Attached documents (New York State)    vs
   Defendant(s): New York State

2. Court (if federal court, name the district; if state court, name the county): See Attached documents
   N.Y.S. Court of Claims

3. Docket or Index Number: See Attached documents (Claim # 123855)

4. Name of Judge to whom case was assigned: See Attached documents (Diane L. FitzPatric

## Defendant's Information Continued

Name of Defendant: D. Lynch

Official Position of Defendant: Correctional officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus, N.Y 14541

Defendant is sued in both individual and official Compacity

---

## Defendant's Information

Name of Defendant: Jeffrey Helmicki

Official Position of defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus, Ny 14541

Defendant is sued in both individual and official Compacity.

---

Defendant's Information Continued:

Name of Defendant: Mr. Chaffer

Official Position of Defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus, N.Y. 14541
Defendant is sued in both Individual and official compacity

Name of Defendant: C. Turner

Official Position of Defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus, N.Y. 14541
Defendant is sued in both Individual and offical Compacity

Name of Defendant: W. Sidel

Official Position of Defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus N.Y. 14541
Defendant is sued in both Individual and official Compacity

Name of Defendant: A. White

Official Position of Defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State RT. 96, Romulus N.Y 14541
Defendant is sued in Both Individual and official Compacity

Name of Defendant: C. Johnson

Official Position of Defendant: Correctional Officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 State Rt. 96, Romulus N.Y. 14541
Defendant is sued in both Individual and official Compacity

## Defendant's Information Continued

Name of Defendant: Jane Doe

Offical Position of defendant: Correctional officer

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 state Rt.96, Romulus N.Y. 14541

Defendant is sued in both Individual and Official Compacity

Name of Defendant: M. Sheahan

Official Position of Defendant: Superintendant of Correctional Facility

Address of Defendant: Five Point Correctional Facility, Caller Box 400, 6600 state Rt.96, Romulus N.Y. 14541

Defendant is sued in both individual and Official compacity

Name of Defendant: Anthony Annuchi

Official Position of Defendant: Acting Commissioner of Corrections

Address of Defendant: 1220 washington Avenue, State Campus, Building #2 Albany, N.Y. 12226

Defendant is sued in official Compacity

## Previous Lawsuits in State and Federal Court

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this Action? X Yes ___ NO

IF yes, complete the next session:
Name of Parties to this other lawsuit: Plaintiff: Michael Gochnour

<u>Previous lawsuits in State and Federal Court  Continued</u>

Defendant: New York State

2. <u>Court</u>: New York State Court of Claims located in Albany County

3. <u>Docket or Index Number</u>: 12-142716-0

4. <u>Name of Judge to whom case was assigned</u>: Hon. Diane Fitzpatrick

5. <u>The approximate date the action was Filed</u>: January 26, 2014

6. <u>What was the disposition of the case?</u>

Is it still Pending? Yes____ NO X

Disposition: Dismissed

X Judgement upon motion or after trial entered for (untimeliness)

Plaintiff____ Defendant X

B. <u>Have you begun any other lawsuits in federal court which relate to your inprisonment?</u> Yes____ NO X

---

<u>A. First Claim</u>: On April 5, 2012 defendant Correctional Officer J. Burri briefly entered my cell during a "cell-extraction", While I was face down on the Floor restrained in a "spread-eagle" position with all limbs held down (each by a different officer) he took control of my left arm while placing me in an armbar restraint hold and snapped it backwards, intentionally shattering my left Humerus, this took a very short period of time after which he stepped back out of my cell and stood near the Door way with Mr. Chaffer (also a Correctional officer), after watching me get beat up, and failure to write report and explain why he came into my cell. <u>The Constitutional basis for this claim under 42 U.S.C § 1983 is</u>: Violation of my Eighth and Fourteenth Amendment Rights through the means of Assault/Battery, cruel and unusual punishment, excessive Force, and failure to protect as well as violating the duty of care owed to me, As An Inmate. creating a dangerous/unsafe enviornment, loss of liberty, Mental Anguish <u>The relief I am seeking for this claim is</u>: Compensation in the amount of Fifteen Million ($15,000,000.00) Dollars, Court Fee's, Lawyer Fee's, Medical Bills, Pain and suffering, mental AnGuish

Exhaustion of Your Administrative Remedies for this claim

Did you grieve or appeal this claim? __X__ Yes _____ No

If yes, what was the result? Grievance was submitted and
an ammended grievance was also submitted as Grievant did
not have the correct Name of the officer who broke his
elbow because he had their names mixed up. However, the
Grievance Resulted in a decision favorable to the defendant
and was denied, and only accepted in part saying an incident took place.

Did you appeal that decision? __X__ yes _____ No

If yes, what was the result? Grievance Appeal was denied in
A light favorable to defendant yet again.

If you did not exhaust your administrative Remedies, state why
you did not do so: Grievant exhausted All administrative Remedies
all the way to the Central office Review Committee.

A. SECOND CLAIM: On April 5, 2012 defendant Correctional Officer
M. Maltese came into the Nurse's station located on the
"R.M.H.U." (Residential Mental Health Unit) after said "Cell-Extraction"
and was assigned to walk (escort me) me to the main medical
Unit For X-Rays of My left elbow. After my "use of force" Report
and Injury Report were done I Was placed on to a medical
Stretcher in both hand restraint and Ankle Restraint's. During
the walk (escort) to the medical unit while being pushed
by Nurse Jensen defendant M. Maltese continually used his
Baton to strike me on my injured arm while at the same time
he cursed at and threatened me, failure to write report.

The Constitutional basis For this claim is: Violation's of my
Eighth and Fourteenth Amendment Rights through the means
of Assault/Battery, cruel and unusual Punishment, excessive Force,
as well as violating the Duty of care a owed to me as an
Inmate. This is all in violation of the Constitutional basis under
42 U.S.C §1983. for my claim as well as Creating an unsafe enviorment
loss of liberty, mental Anguish, Pain and Suffering
The relief I am seeking for this claim is: compensation in the amount
of Fifteen Million Dollars ($15,000,000.00), Payment of court Fees, lawer Fees, Medical Bill
Pain and Suffering, mental AnGuish

Exhaustion of Your Administrative Remedies for this Claim

Did you grieve or appeal this claim?  __X__ Yes  _____ No

IF yes, What was the Result? Grievance was denied in a favorable
light to the defendant, and only accepted in part saying an incident transpired.

Did you Appeal that decision?  __X__ Yes  _____ No

IF yes, what was the Result? Grievance was denied again in
A Favorable light to the defendant

IF you did not exhaust your Administrative Remedies, state why you
did not do so. Grievant exhausted all of his Administrative Remedies all
the way to the Central office Review committee.

A. Third Claim: Correctional officer M. Hadfield passed my cell and did not
Feed me, do to a previous Grievance and complaint that Plaintiff
Submitted against another officer and this was in Retaliation For
Writing that Grievance, The day this occured was on April 5th 2012
and not feeding me was A Form of cruel and unusual Punishment.
Defendant also called on his Radio to Sargent E. Cragle and told
him I was Refusing to Remove my Towel From my door window,
which is A lie, that created this whole situation, and caused me
to get injured. I had my towel up over the cell door window
because, I was using the Bathroom amongst other Private things
and was trying to maintain some type of Privacy (though the cell
has a small window on the Door, and A Much Bigger window on the Right
side of the cell door which was not covered) and avoid getting A
ticket For exposure, as every morning about 8°° a.m. the Mental
Health staff come around to check on us and the nurse's come
around to give out Medication (most of which are Female's). I did
however Remove the towel, and lay back down on my
Mattress which was laying on the Floor next to my shower
and Bedframe (as shown in attached diagram of cell).

The Constitutional basis for this claim is: Violation's of my Eighth
and Fourteenth Amendment Rights through the means of Retaliation
(denying me food) which was cruel and unusual Punishment. Further the
defendant created an unsafe enviorment and situation that caused the
Plaintiff to obtain serious physical injury and defendant did not meet

Constitutional basis for Third Claim continued

his duty of care and allowed fellow Correctional Officer's to strike and Injure Plaintiff while he stood by without attempting to protect the plaintiff, as well as Falsifying documents creating dangerous environment, loss of liberty, Mental Anguish, Pain and suffering

The relief I am seeking for this claim is: compensation in the amount of Fifteen Million dollars ($15,000,000.00), payment of court Fee's, lawyer Fee's, and Medical Bills/Fee's, mental anguish, Pain and suffering

---

Exhaustion of Your Administrative Remedies For this claim

Did you grieve or appeal this Claim: __X__ Yes _____ NO

IF yes, what was the Result?: Grievance was denied in A Favorable light to the defendant, and accepted only in part acknowledging that an incident took Place

Did you appeal that decision? __X__ Yes _____ NO

IF yes, what was the Result? Grievance was denied in a light Favorable to the defendant.

If you did not exhaust your administrative remedies state why you did not do so: Grievant exhausted all administrative Remedies all the way to the central office Review Committee

---

A. Fourth Claim: On April 5, 2012 Shortly after Officer M. Hadfield did not give me my Breakfast tray Sargent E. Cragle came onto the tier doing a "Round" (walk through) at which point I stopped the Sargent to inform him about my situation. He stated he would look into it and have my Food sent if I was not already provided with a tray. No action was taken and I never ate nor was I provided Breakfast. At approximately 7:45 a.m. Officer M. Hadfield passed my cell while collecting Breakfast trays, during this time I had my cell door's window covered with my towel as to provide some type of privacy as well as to keep the Female Mental Health staff (who walk by each morning to check on us) from seeing me use the bathroom amongst other private things. officer M. Hadfield told me to "take it down" and I Replied in a disrespectful manner telling him I'd take it down when I was done. when I was finished using the Bathroom I removed the towel from

## A. Fourth Claim Continued

My cell door window, and went to lay back down on my mattress which was laying down on the floor diagonally from the corner of my bed (next to the back door) extended toward the front of my sink (as shown in diagram). I heard officer M. Hadfield call on his radio and say something about me refusing to take my towel from the cell window while he was walking away. At this point Sargent E. Cragle came to my cell along with several other Correctional Officer's. we had words (Sargent E. Cragle and I) and I then refused to speak to him any longer. Sargent E. Cragle then began to speak to me as if I still had my window covered up. I laid there on my mattress watching officer W. Sidel making hand gestures to someone down the hall out of my view. At this point my cell door began to open up, without any knowledge as to why my cell was opening up (This is out of the ordinary for Inmates on the RMHU.) I jumped up off my mattress to see what was happening, as I got up I saw several officer's rushing into my cell directly towards me at full speed (in a line formation) so I bent my knee's to prepare myself for the impact. I was contacted with the cell extraction sheild and forced toward the wall where I was repeatedly pummled about my body and head until I fell to the ground where I was hit and cursed at some more, when the officers stopped beating me up my arm's and legs were pinned down (each limb by a differen officer) Officer J. Burri then briefly entered the cell, took control of my left arm in an arm bar restraint hold and snapped it backward at the elbow on purpose, shattering my left humerus. Sargent E. Cragle gave the order for these officer's to go into my cell as well as to open my cell door which allowed this & injury to occur. Sargent E. Cragle violated all standard cell extraction proceedure's as no mental health or clergy staff were brought (called) to my cell to talk to me (and even if defendant's version of the situation were taken as factual) to ask me to come out or speak to me in any sense nor was a hand held video camera used to record what took place during said cell extraction as all of the forementioned is standard cell extraction proceedure. Furthermore Sargent E. Cragle never attempted or told the Officer's involved to stop beating me up, at all.

The Constitutional basis for this claim is: Violation's of my Eighth

## Constitutional basis for this claim continued

and Fourteenth Ammendmant Rights through the means of Retaliation, Assault/Battery, Cruel and unusual punishment, Violation of his Duty of care via failure to protect Plaintiff from a foreseeable injury, and Violating all standard cell extraction proceedure as well as Falsifying documents, creating a dangerous enviorment, loss of liberty Mental Anguish, Pain and Suffering

The relief I am seeking for this claim is: Compensation in the amount of fifteen Million dollars ($15,000,000.00), payment of Court fee's, lawyer fee's, and Medical bills/fee's, mental anguish, Pain and Suffering

### Exhaustion of Your Administrative Remedies for this claim

Did you grieve or appeal this claim?  _X_ Yes ____ NO

IF yes, what was the Result? Grievance was denied and only accepted in Part acknowledging an incident transpired.
Did you appeal that decision? _X_ Yes ____ No

IF yes, what was the result? Grievance was denied in a Favor--able light towards defendant.

IF You did not exhaust Your administrative Remedies, State why you did not do so: Plaintiff (Grievant) Exhausted all administrative Remedies all the way up to the Central Office Review Committee

A. Fifth Claim: On April 5th, 2012 Correctional Officer D. Lynch entered my cell along with Correction Officer's J. Helmicki, A. white, C. Turner, and C. Johnson, at the direction of Sargent E. Cragle. Upon entering my cell, after Officer J. Helmicki contacted me with the shield, dropped it, and began striking me, Officer D. Lynch joined in with the other officers and began to hit me and curse at me. At no point did officer D. Lynch attempt to intervene or stop the other officers from hitting me.

The Constitutional Basis for this claim under U.S.C.H 2 § 1983 is: Violation of my Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Excessive Force, cruel and unusual Punishment, Failure to protect as well as violating the Duty of care owed to me as an Inmate, and Falsifying Documents. Creating unsafe enviornment, loss of liberty, mental Anguish, Pain and suffering

Continuation of Previous Page (9)

The relief I am seeking for this claim is: Compensation in the amount of Fifteen Million Dollars (#15,000,000.00), Payment of Court Fee's, lawyer Fee's, and medical Bills, mental anguish, Pain and suffering

Exhaustion of your administrative Remedies For claim

Did you grieve or appeal this claim? __X__ Yes _____ NO

IF yes, What was the result? Grievance was denied in a light Favorable to defendant and only accepted in part saying an incident happend

Did you appeal that decision? __X__ Yes _____ NO

IF yes, What was the Result? Grievance was again denied in a Favorable light toward the defendant

IF You did not exhaust your administrative Remedies, state why you did not do so: Plaintiff exhausted all administrative Remedies to the highest level

A. Sixth Claim: On April 5, 2012 Officer J. Helmicki along with Officers D. Lynch, C. Turner, A. White, and C. Johnson entered my cell at the Direction of Sargent E. Cragle and hit me with the extraction sheild. Upon Contact Officer J Helmicki dropped the sheild and began hitting me about the Face, head and Body along with the other officers, while cursing at me.

The Constitutional basis for this claim under 42 U.S.C. §1983 is: Violation of My Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Excessive Force, Cruel and unusual punishment, Failure to protect as well as Violation of the Duty of Care owed to me as an Inmate, and Falsifying Documents creating dangerous enviornment; loss of liberty, mental Anguish, Pain & suffering The Relief I am seeking for this claim is: Compensation in the amount of Fifteen Million Dollars (#15,000,000.00) payment of Court Fees, lawyer Fees, and Medical Bills/Fee's, mental anguish, Pain and suffering

Exhaustion of your administrative Remedies for this Claim

Did you grieve or appeal this Claim? __X__ Yes ____ NO

IF yes, what was the result? Grievance was denied

Did you appeal that decision? __X__ Yes ____ NO

IF yes, what was the Result? Grievance was again denied
and only accepted in Part acknowledging an incident transpired
IF You did not exhaust administrative Remedies, state why you
did not do so: Plaintiff exhausted all administrative Remedies to
the highest level possible

A. Seventh Claim: On April 5, 2012 during a "Cell-Extraction"
Correctional Officer MR. Chaffer stood outside of My cell near the
door way while I was getting beat up and he watched
Correctional Officer J. BURRI came into my cell and shatter my
Left Elbow, he also stood by with Officer J. Burri and watched
the other officers Assault me without ever attempting to stop
the assault taking place.

The Constitutional basis for this claim under 42 U.S.C §1983 is:
Violation of my Eighth and Fourteenth Amendment Rights through
Failure to protect, Not owning up to Duty of Care, Cruel and unusual
punishment, Excessive force, and Assault/Battery. Creatin dangerous envior-
-nment, loss of liberty, Mental Anguish, Pain and suffering
The relief I am seeking for this claim is: Compensation in
the amount of fifteen Million Dollars ($15,000,000.00) Court Fee's, lawyer
Fee's, and medical Bills/ Fee's, Mental Anguish, Pain and suffering

Exhaustion of your Administrative Remedies for this Claim

Did you grieve or appeal this claim? __X__ Yes ____ NO

IF yes, what was the Result? Grievance was denied

Did you appeal that decision? __X__ Yes ____ NO

IF yes, what was the decision? Grievance was denied

Continuation of Exhaustion of your administrative Remedies for this claim

IF you did not exhaust administrative Remedies, state why you did not do so: Plaintiff exhausted all administrative Remedies to the highest level

---

A. Eighth Claim: On April 5, 2012 Correctional Officer C. Turner entered my Cell along with Officer's J. Helmicki, A. White, C. Johnson and D. Lynch at the direction of Sargent E. Cragle and participated in the assault/Battery that was taking place in which I was hit and pummeled on the face head and Body. At no time did he attempt to stop other officers from hitting me but rather joined in and hit me as well, also falsifying Reports to cover incident/Injury up.

The Constitutional basis for this claim under 42 U.S.C. §1983 is: Violations of my Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Excessive force, Cruel and unusual punishment, failure to protect as well as violation of the Duty of care owed to me as an inmate and Falsifying Documents. Creating dangerous enviorment, loss of liberty, Mental Anguish, Pain

The relief I am seeking for this Claim is: compensation in the amount of fifteen Million Dollars ($15,000,000.00) payment of court fee's, lawyer fee's, and Medical Bills/fee's, Mental Anguish Pain and suffering

Exhaustion of administrative Remedies for this Claim

Did you grieve this or appeal this claim? _X_ Yes ____ No

IF yes, what was the Result? Grievance was denied and only accepted in Part acknowledging an incident transpired.
Did you appeal that Decision? _X_ Yes ____ No

IF yes, what was the Result? Grievance was again denied

IF you did not exhaust your administrative Remedies, state why you did not do so: Plaintiff exhausted all administrative Remedies to the highest level

A. Ninth Claim: On April 5, 2012 Correctional Officer W. Sidel was involved in my "Cell-Extraction" along with the officer's whom entered my cell and beat me up and shattered my

## NINEth CLAIM Continued

Left humerus, Officer W. Sidel whom was looking Right at me in my cell laying down on the floor on my mattress, gave hand signals down the hall (tier) to someone I could not see and had them open my cell door For the other officer's to come into my cell which resulted in them beating me up and causing a serious physical Injury that required open and invasive surgery as well as implementation of numerous piece's of hardware to repair the injury and approximately Fifty-THRee (53) staple's to close the incision made to repair my Left Humerus, Officer w. Sidel NeVeR wrote a report though he was involved in the Incident, and he never attempted to stop the Assault/Battery. Upon the Inspector General Office's investigation it was initially reported that officer W. Sidel was the officer who entered my cell and Broke my Left humerus however he was not the officer whom did this and Defendant later submitted an Ammended Grievance with the help of his neighbor and fellow Inmate Jeremy Smith who resided in cell number One (1). Defendant had Officer W. Sidel's name mixed up with officer J. Burri. The Ammended Grievance was accepted by the Facility Grievance Coordinator but not by the C.O.R.i.C. (Central Office Review Committee) in Albany whom Returned the ammended Grievance Back to me.

The Constitutional basis for this claim under 42 U.S.C. §1983 is: Violation of my Eighth and Fourteenth Ammendment Rights through the means of Excessive Force, cruel and unusual punishment, Assault/Battery, failure to protect, and violating the Duty of Care owed to [box] Plaintiff by defendant who is an officer of the Department of Correction Community Supervision. Creating a dangerous enviornment, loss of liberty, mental Anguish, pain The relief I am seeking for this claim is: Compensation in the amount of Fifteen Million Dollars ($15,000,000.00) payment of Court Fee's, lawyer Fee's, and Medical Bills/Fee's, Mental Anguish, Pain Suffering Exhaustion of your Administrative Remedies for this Claim

Did you grieve or Appeal this claim? __X__ Yes _____ NO

IF yes, what was the Result? Grievance was denied and only accepted in Part acknowledging an incident transpired
Did YOU APPeal that decision? X Yes ____ NO

Exhaustion of Administrative Remedies Continued

Did you appeal that decision? __X__ Yes ____ NO

IF yes, what was the Result? Grievance was again denied

IF you did not exhaust your administrative Remedies, state why you did not do so: Plaintiff exhausted All of his administrative Remedies to the highest level

A. Tenth Claim: On April 5, 2012 Correctional Officer A. White entered my cell along with officers J. Helmicki, C Turner, D. Lynch, and C. Johnson at the direction of Sargent E. Cragie. Upon officer's entering my cell officer J. Helmicki the lead officer hit me and the other officer's including officer A. White began Assaulting/Battery me. I was pummeled about my Face, head, and body and put (slammed/Fell) on the Floor where my Left Humerus was shattered, At no point did Officer A. white attempt to intervene and stop this Assault, The officer instead falsified Reports to cover up the incident. The Constitutional basis for this claim under 42USC§1983 is: Violation of my Eigth and FourteenTh Ammendment Rights through the means of Excessive Force, Assault/Battery, cruel and unusual punishment, failure to protect, and violating the duty of care owed to me as an inmate, and Falsifying documents. creating Unsafe enviornment, loss of liberty, Mental Anguish, Pain and suffering The relief I am seeking For this claim is: Compensation in the Amount of FIFTeen Million Dollars ($15,000,000.00) payment of court Fee's, lawyer Fee's, and Medical Bills/Fee's, Mental Anguish, Pain

Exhaustion of your Administrative Remedies

Did you grieve or Appeal this claim? X Yes ____ NO

IF yes, what was the Result? Grievance was denied and only accepted in Part stating an incident did transpired
Did you appeal that decision? X Yes ____ NO

IF yes what was the Result? Grievance was denied

IF You did not exhaust your administrative Remedies For this claim state why you did not do so: Plaintiff exhausted all Remedies

## A. ELEVENTH CLAIM:

On April 5, 2012 Correctional Officer C. Johnson entered my cell along with officer's A. White, J. Helmicki, C. Turner, and D. Lynch at the direction of Sargent E. Cragle. Upon entering my cell the lead officer (J. Helmicki) Struck me with the "Cell-Extraction shield" and began hitting me the other officer's including C. Johnson joined in and began hitting me and pummeled me about the head, face, and body until I was eventually on the Floor where my arm was shattered. At no point did officer C. Johnson Attempt to intervene and stop this Assault, officer C. Johnson instead wrote false paperwork/Reports in an attempt to cover up incident.

The Constitutional basis for this claim under 42 U.S.C. §1983 is:
Violation of, my Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Excessive Force, Cruel and unusual Punishment, failure to protect, violation of the Duty of care owed to plaintiff as an inmate, and Falsifying documents Failure to Report Assault, creating dangerous enviciment, loss of liberty, Pain

The relief I am seeking for this claim is: Compensation in the amount of Fifteen Million dollars ($15,000,000.00), payment of Court fee's, lawyer's fee's, and Medical Bills/fee's, Mental Anguish, Pain

Exhaustion of Your administrative Remedies for this Claim

Did you grieve or appeal this claim? __X__ Yes _____ No

IF yes, what was the Result? Grievance was denied and only accepted in Part acknowledging an incident happend
Did you appeal that decision? __X__ Yes _____ No

IF yes, what was the Result? Grievance was denied

IF you did not exhaust your administrative Remedies for this claim state why you did not do so: Plaintiff exhausted all Remedies

## A. Twelveth Claim:

On April 5, 2012 Correctional Office Jane Doe (whom's name I believe is listed on Grievance) came on to C-Gallery at Five Point Correctional Facility (R.M.H.U. Unit) along with Sargent E. Cragle and several other officers ☐ and

## Claim Twelve Continued

Came in front of my cell (77-C-2) on the gallery where a group of approximately Ten (10) to Twelve (12) officer's began to form and congregate. While she was standing on the gallery Correctional Officer's J.Helmicki, C.Johnson, A.while, C.Turner, and D.Lynch entered my cell at the direction of Sargent E.cragle and began Assaulting/Battery me, at one point officer J.Burri Briefly entered my cell and shattered my Left Elbow, during this time officer Jane Doe never said anything to stop this Assault nor did she intervene to stop the Assault.

The Constitutional basis for this claim under 42.U.S.C.§1983 is: Violation of my Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Excessive Force, Cruel and unusual Punishment, failure to protect/report, and violation of the duty of care owed to plaintiff as an inmate creating unsafe living space, loss of liberty, mental Anguish, Pain and suffering

The relief I am seeking for this claim is: Compensation in the Amount of Fifteen Million dollars ($15,000,000.00), payment of court Fee's, lawyer Fee's, and Medical Bills/Fee's, Mental Anguish, Pain and Suffering.

Exhaustion of your administrative Remedies for this claim

Did you grieve or appeal this claim?  __X__ Yes  _____ No

If yes, what was the Result? Grievance was denied and only accepted to the extent stating the incident did take place

Did you appeal that decision?  __X__ Yes  _____ No

If yes, what was the result? Grievance was again denied

A. Thirteenth Claim: Defendant M.Sheahan was the Superintendant of Five Point Correctional Facility on April 5, 2012 when I was assaulted and beat up which lead to a serious physical injury. The Staff of the facility were under his supervision, and direction at the time of this incident and were not properly trained, directed, or supervised at the time of incident. It was his job and Responsibility to ensure his staff react/respond in accordence to directive and procuedure's during such an incident and any other time. As the superintendant he's suppose to

## THIRteenth Claim Continued

ensure a safe and secure enviorment, as well as make sure the staff under his supervision do not create an unsafe enviorment, but rather than that he's to ensure they act professional and not violate any rules, directives, proceedures, and make sure they are properly trained, He did none of this, on April 5, 2012, as a result of the inaction on his behalf (superintendant M. Sheahan) Plaintiff was Assaulted by Correctional officer's under his supervision and obtained a shattered ④ Left Humerus because of his failure to Act/Protect.

The basis for this claim under 42 U.S.C. § 1983 is: Violations of my Eighth and Fourteenth Ammendment Rights through the means of Assault/Battery, Failure to Act/Failure to Protect, Excessive Force, Cruel and unusual Punishment, violation of Duty of Care owed to Inmates, and creating an unsafe enviorment. loss of liberty, mental Anguish, Pain and suffering

The relief I am seeking for this claim is: compensation in the amount of fifteen Million Dollars (#15,000,000.00), payment of Court Fee's, lawyer Fee's, and Medical Bills/Fee's, Pain and suffering, Mental

Exhaustion of your administrative Remedies for this claim

Did you grieve or appeal this claim?  X  Yes  ___ No

If yes, what was the Result? Grievance was denied and only accepted in Part acknowledging an incident did happen

Did you appeal that decision?  X  Yes  ___ No

If yes, what was the result? Grievance was denied

A. Fourteenth Claim: Defendant A. Anuchi is the Commissioner of the New York State Department of Corrections and on April 5, 2012 his office along with many other offices under his supervision in the Department were well aware and informed that plaintiff was having problems with staff at one of his facilities (Five Point C.F.) and was in danger. At No time did he attempt to have plaintiff transferred to another facility or removed from a possibly dangerous situation his failure to Act (on information (letters))/Protect coupled with

## Fourteenth Claim Continued

his failure to properly supervise and train staff adiquitly lead to Plaintiff being seriously injured and violated his duty of care owed to Plaintiff as an inmate, failure to enforce standard cell extraction Procedure's and protocals

The basis for this claim under 42 U.S.C.§ 1983 is: Violation of my Eighth and Fourteenth Ammendment Rights through the means of creating an unsafe enviornment, Failure to Act/Protect, Excessive Force, Cruel and unusual punishment, Assault/Battery, Violation of duty of care, loss of liberty, failure to supervise and adiquitly train staff, Mental Anguish, and pain and suffering.

The relief I am seeking for this claim is: Compensation in the amount of Fifteen Million dollars ($15,000,000.00) payment of court Fee's, lawyer fee's, Medical bills, Mental anguish and pain and suffering.

Exhaustion of your Administrative Remedies for this claim

Did you grieve or appeal this claim?  X  Yes ____ No

IF yes, what was the result? Grievance was denied and only accepted in part acknowledging an incident did transpire.

Did You appeal that decision?  X  Yes ____ No

IF yes, what was the result? Grievance was denied

Respectively submitted:

Michael
Cochnaur

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___December  16, 2014___
                    (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____Michael Hochman_____

_____

Signature(s) of Plaintiff(s)


SWORN TO BEFORE ME

THIS ___19th___ DAY OF ___DEC___
        ___20 14___
        NOTARY PUBLIC

WILLIAM R NASTASI
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 01NA6290044
QUALIFIED IN DUTCHESS COUNTY
COMMISSION EXPIRES 10-07- 18

7